UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                  :
EDWARD SANCHEZ,                                       :

                          Plaintiff,                                   :
                                                                :      24 Civ. 3352 (JPC)
              -v-                                           :
                                                                :            <u>ORDER</u>
EXPERIAN INFORMATION SOLUTIONS, INC.,   :

                        Defendant.                            :
                                                                :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      The Court is in receipt of Defendant's notice of removal. Dkt. 1 ("Notice of Removal"). Defendant alleges that, after instituting this action on April 5, 2024 in the Supreme Court of the State of New York, County of New York, Plaintiff served Defendant with a Summons with Notice on April 10, 2024. Notice of Removal ¶ 3; *id.*, Exh. B. Defendant then removed this action on May 1, 2024. Dkt. 1. Defendant appears to have done so without having first filed a demand for service of a complaint under New York Civil Practice Law and Rules Section 3012(b), despite the fact that Plaintiff apparently has yet to file a complaint in this action.

      "Although the Federal Rules of Civil Procedure apply to actions after removal, state law governs the sufficiency of service of process before removal." *Montefiore Med. Ctr. v. Aetna Health, Inc.*, No. 21 Civ. 7838 (MKV), 2021 WL 5113013, at *1 (S.D.N.Y. Nov. 3, 2021). "Under New York law, a plaintiff may initiate an action by filing a summons with notice, without including any complaint or formal pleading." *Solomon v. Siemens Indus.*, No. 11 Civ. 1321 (DLI) (SMG), 2011 U.S. Dist. LEXIS 63671, at *1 (E.D.N.Y. June 16, 2011). While "repleading is not required after removal unless ordered by the court, federal courts will [only] accept as operative papers served in state court which satisfy the notice-giving function of pleadings under the Federal Rules

of Civil Procedure." *Id.* (cleaned up); *see* Fed. R. Civ. P. 81(c)(2) ("After removal, repleading is unnecessary unless the court orders it."). Here, Plaintiff's Summons with Notice does not abide by the standards of Federal Rule of Civil Procedure 8.

Therefore, it is hereby ordered pursuant to Federal Rule of Civil Procedure 81(c)(2) that Plaintiff serve a complaint on Defendant by July 1, 2024 and file his complaint on the docket. Defendant is directed to serve this Order on Plaintiff and to file proof of service after having done so. Plaintiff's counsel is also directed to promptly file a notice of appearance in this action.

SO ORDERED.

Dated: June 6, 2024
   New York, New York

_____
   JOHN P. CRONAN
   United States District Judge